IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | ) 2:13-cv-788<br>) |
| v. | )<br>) |
| DEBORAH J. HEWITT-JACKSON, RICHARD C. JACKSON and D.R.J. *a minor, by and through his natural mother and guardian* KAREN WOOD, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the MOTION TO DISMISS COUNTERCLAIM (ECF No. 25) filed by Defendants Deborah J. Hewitt-Jackson and Richard C. Jackson (collectively, "the Jacksons") with brief in support (ECF No. 26); and their partial MOTION TO DISMISS Count One of the Complaint (ECF No. 29) with brief in support (ECF No. 29).[1] Plaintiff, The Prudential Insurance Company of America ("Prudential"), filed a brief in opposition (ECF No. 43); D.R.J., a minor, by and through his natural mother and guardian Karen Wood, also filed a response in opposition (ECF No. 45).

The motions are now ripe for disposition. For the reasons that follow, the Court will deny the Jacksons partial motion to dismiss Count One and grant their motion to dismiss the "counterclaim."

---

1 Also pending before the Court is the MOTION TO SEAL MOTION PAPERS AND FOR CLARIFICATION OF SCOPE OF COURT'S PRIOR SEALING ORDER (ECF No. 39) filed by Prudential to which the Jacksons have filed a response. Despite this Court's Memorandum Order dated January 31, 2014—unequivocally stating that "**ALL** named Defendants shall file a response on or before **February 17, 2014**"—D.R.J. did not file a response. Nevertheless, resolution of that motion will be in a separate opinion.

I.      Background

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at length. The following is a brief recitation of those matters relevant to the issues presently before the Court.

This action concerns the life insurance proceeds that Prudential paid to the Jacksons in the amount of $1,318,0000.00 as a consequence of the death of their son, Richard J. Jackson, (the "Death Benefits"). Jackson (the "Decedent") was insured under a Group Contract issued by Prudential to his employer, Motorola Solutions, Inc.; Xerox HR Solutions, LLC served as the third-party administrator ("TPA") for the plan, which is subject to the Employee Retirement Income Security Act ("ERISA").

After Decedent passed away on August 25, 2012 as a result of injuries he sustained in a traffic accident, the TPA notified Prudential of the claim. Roughly a week later, TPA sent a follow-up correspondence to Prudential in which it made reference to Decedent having a minor son and requested that Prudential mail copies of the "claim packet" to the Jacksons.

The Jacksons executed the Preferential Beneficiary's Statements, listing themselves as the highest class of beneficiaries of the Decedent and returned the forms to Prudential. Relevant here, the Group Contract provides that any insurance payable on the insured's life shall be paid to the designated beneficiary, or if no beneficiary has been designated to the first of the following: the insured's "(a) surviving spouse or Civil Union Partner; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate." (ECF No. 1-2 at 48). By all accounts, it appears that Decedent did not designate a beneficiary.

Following receipt of the Jacksons' forms, Prudential processed payment to them based on their status representation(s). The TPA proceeded to question Prudential regarding why payment was made to the Jacksons rather than to the Decedent's minor child, D.R.J. Prudential soon investigated the possibility that D.R.J. was the highest surviving beneficiary and ultimately received a birth certificate from Karen Wood which listed Decedent as D.R.J.'s father. Prudential thereafter requested that the Jacksons either return the funds or place them in an escrow account. The Jacksons apparently refused and continued to spend the Death Benefits. This lawsuit followed.

Prudential initiated this action on June 7, 2013 in which it alleges claims for insurance fraud in violation of 18 Pa. Cons. Stat. Ann. § 4117(a)(2) at Count One and unjust enrichment under the ERISA at Count Two, as well as a request for interpleader relief under 29 U.S.C. § 1132(a) at Count Three. Prudential names D.R.J., by and through his natural mother and guardian, as a party to its request for interpleader relief. In response, Counsel for D.R.J./Wood filed a responsive pleading in which he includes a "counterclaim," averring that the Jacksons have committed fraud when they filed a life insurance claim for the Death Benefits and denied the existence of D.R.J. As relief, Counsel requests that the Court "fashion an appropriate remedy to reimburse Karen Wood for all expense and legal fees she will pay until this action is completed." (ECF No. 12 at 10). The Jacksons filed a Motion to Dismiss the Counterclaim (ECF No. 25) with brief in support (ECF No. 26) and an Answer to Counterclaim (ECF No. 27).

The Court directed the parties to respond in its Memorandum Order dated January 31, 2014. Moreover, as to D.R.J., the Court noted that "it will be important to address the perceived shortcomings of the pleading as outlined in the motion to dismiss to ensure that the claim is 'plausible' in compliance with the federal pleading standard set forth and explained in *Twombly* and *Iqbal* as well as the heightened pleading standard required for fraud claims pursuant to Rule 9." All

parties timely complied with this briefing schedule. Accordingly, the motions are now ripe for disposition.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the

4

process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as

5

true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### III. Discussion

Two motions to dismiss remain pending before this Court: a motion to dismiss the counterclaim and a partial motion to dismiss Count One of the Complaint. The Court will address them seriatim.

#### A. Motion to Dismiss Counterclaim

The Jacksons move the Court to dismiss the "counterclaim" pled by D.R.J./Wood, arguing that they cannot establish the element of justifiable reliance as required for a common law fraud action. The Jacksons also request dismissal based on the relief sought by the counterclaimant(s): for the Court "to fashion an appropriate remedy to reimburse Karen Wood for all expenses and legal fees she will pay until this action is completed." (ECF No. 12 at 10). There is no other relief sought.

"It is well-settled that Pennsylvania adheres to the American Rule for the recovery of attorneys' fees from an adverse party." *Emekekwue v. Offor*, 1:11-CV-01747, 2012 WL

6

1715066, *8 (M.D. Pa. May 15, 2012) (citing *Mosaica Acad. Charter Sch. v. Pa. Dep't of Educ.*, 813 A.2d 813, 822 (Pa. 2002)). The American Rule states that a litigant is responsible for their own litigation costs, disallowing the recovery of counsel fees from an adverse party "unless there is express statutory authorization, a clear agreement of the parties or some other established exception." *Id.*

Here, D.R.J./Wood does not plead the existence or applicability of this exception to his common law fraud claim. The Court is likewise unaware of any basis, statutory or otherwise, for an award of attorneys' fees for common law tort actions under these particular circumstances.[2] *C.f. id.* Thus, because the American Rule bars the only relief sought by counterclaimant(s), the Court will dismiss the "counterclaim" without prejudice and with leave to amend.

**B. Partial Motion to Dismiss**

The Jacksons similarly challenge Count One of the Complaint on the basis that Prudential cannot establish justifiable reliance, an element of common law fraud. Prudential does not aver a common law claim; rather, Prudential relies upon the civil enforcement mechanism of the Pennsylvania Insurance Fraud Statute. *See* 18 Pa. Cons. Stat. Ann. § 4117(g).[3]

District Courts that have considered challenges to this statutory action have held that reliance is not an element. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Lincow*, 715 F. Supp. 2d 617, 633 (E.D. Pa. 2010), *aff'd*, 444 F. App'x 617 (3d Cir. 2011). For example, in *Lincow*, the court identified that the statute makes it a crime to (1) knowingly; (2) present any false, incomplete or misleading information; (3) concerning any fact or thing material to a claim; (4) to

---

2. The Court expresses no opinion as to whether counsel for D.R.J./Wood could recover the costs and expenses unassociated with attorneys' fees at the end of this litigation.
3. Section 4117(g) provides, in relevant part, that "[a]n insurer damaged as a result of a violation of this section may sue therefor in any court of competent jurisdiction to recover compensatory damages, which may include reasonable investigation expenses, costs of suit and attorney fees." 18 Pa. Cons. Stat. Ann. § 4117(g). *See also* . *Lincow*, 715 F. Supp. 2d at 632 n.13 (discussing the penal nature of the statute and its corresponding civil enforcement provision).

any insurer."[4] *Id.* Relying on the plain language of the statute, the court "decline[d] to go where no Pennsylvania court has gone before" and insert an element not expressly set forth by the General Assembly. *Id.*

The Court finds the *Lincow* decision to be persuasive and will follow its approach. To the extent that justifiable reliance is a required element under the statute, the Court notes that issues and questions of fact preclude dismissal of the claim at this time. Therefore, the Court will deny the Jacksons' partial motion to dismiss.

## IV. Conclusion

For the reasons hereinabove stated, the Court will deny the Jacksons' partial motion to dismiss Count One; and grant their motion to dismiss the "counterclaim." An appropriate Order follows.

McVerry, J.

---

4. Section 4117(g) provides, in relevant part, that "[a]n insurer damaged as a result of a violation of this section may sue therefor in any court of competent jurisdiction to recover compensatory damages, which may include reasonable investigation expenses, costs of suit and attorney fees." 18 Pa. Cons. Stat. Ann. § 4117(g). *See also . Lincow*, 715 F. Supp. 2d at 632 n.13 (discussing the penal nature of the statute and its corresponding civil enforcement provision).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) 2:13-cv-788 ) |
| v. | ) ) |
| DEBORAH J. HEWITT-JACKSON, RICHARD C. JACKSON and D.R.J. *a minor, by and through his natural mother and guardian* KAREN WOOD, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER OF COURT

AND NOW, this 19th day of February, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO DISMISS COUNTERCLAIM (ECF No. 25) is **GRANTED**, and the counterclaim is dismissed without prejudice and with leave to amend. D.R.J./Wood may file an amended pleading on or before March 5, 2014.

**IT IS FURTHER ORDERED** that the partial MOTION TO DISMISS Count One of the Complaint (ECF No. 29) filed by the Jacksons is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  Joseph R. Carnicella, Esquire
Email: jcarnicella@psmn.com
Jaclyn D. Malyk
Email: jmalyk@darcambal.com
Mark F. McKenna, Esquire
Email: mmckenna@consolidated.net
Peter F. Troglio, Esquire
Email: pft129@comcast.net